# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

**NOVEMBER TERM, 1918.**

———— ■ ————

NELLIE F. HEDDEN et al.

*v.*

BIERMAN-EVERETT FOUNDRY COMPANY et al.

[Decided March 3d, 1919.]

Where a deed and agreement, construed together, vest a right of user of a railroad siding so long, as the siding continues to exist, unless sooner terminated on notice, any interference with the enjoyment thereof, so long as it remains in full force, entitles the aggrieved party to injunctive relief.

————

On appeal from a decree in chancery advised by Vice-Chancellor Stevens.

*Mr. Maximilian M. Stallman,* for the appellants.

*Mr. Frank E. Bradner,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The purpose of the present litigation is thus stated in the brief, of counsel for the respondents: "The contest is chiefly between the complainant Nellie F. Hedden, as owner of a tract of land in Irvington, and Bierman-Everett Foundry Company, owner of an adjoining tract of land. The complainant seeks an adjudication that she has a right to the unrestricted use of a railway siding which extends across her land, and the land of the defendant, and partly across land of Lehigh Valley Railroad Company, and connecting with a branch line of that railroad. Complainant also seeks an injunction to prevent an alleged threatened interference with her right of way"—that is, with her right to the unrestricted use of this siding.

The rights of the respective parties are fixed by a deed made by William L. Glorieux to John S. Hobbs on April 3d, 1908, and a tripartite agreement entered into between those parties and the Lehigh Valley Railroad Company on the same day.

Glorieux is the predecessor in title of the respondents, and Hobbs of the appellants.

The deed referred to conveys a part of a tract of land owned by Glorieux,

"together with the right to use a certain proposed single track railroad siding as described in a certain triplicate agreement bearing even date with these presents, and entered into by the said William L. Glorieux, the said John S. Hobbs and Lehigh Valley Railroad Company of New Jersey, which siding is to run over other lands of said Glorieux from the easterly line of, the property of the said railroad company to the lands hereby conveyed."

The agreement referred to in this deed provides for the construction of a railroad siding partly upon land of the railroad company (party of the third part), partly upon lands of Glorieux (party of the first part), and partly upon lands of Hobbs (party of the second part). It further provides that the

cost of the construction and maintenance of the siding is to be borne by Glorieux and Hobbs, and "shall be owned by them." The agreement then provides for the shipment of the product of the parties of the first and second parts over the railroad lines of the party of the third part, and for the responsibility for loss or damage which may occur to cars while standing on said siding, and then proceeds as follows:

"This agreement shall continue in force unless or until terminated by any of the parties hereto giving thirty days' written notice to the others of intention so to terminate, and upon the expiration of such period this agreement shall absolutely end. * * * This agreement shall be binding upon and enure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors and assigns."

The principal contention on the part of the appellants is that the effect of the quoted words in the deed from Glorieux to Hobbs was to vest in the latter, and his heirs and assigns, a perpetual easement of way over the land of Glorieux upon which the siding was constructed, and not a mere license, terminable at the will of the grantor, or his successors in title. The learned vice-chancellor before whom the cause was heard in the court below held that the deed and the agreement were to be construed together, and that when this was done, it became apparent that no easement of way was vested in Mr. Hobbs, or his assigns, but a mere right of user of the railroad siding, so long as it continued to exist. Holding this view he advised a decree dismissing the bill of complaint.

We concur in the view of the learned vice-chancellor as to the construction of the deed and agreement when read together; but we are unable to approve his disposition of the case. The principal relief sought by the complainant was an injunction to prevent an alleged threatened interference by the respondents with her user of the siding. The testimony of Mr. Bierman, the president of the respondent corporation, shows that such interference was not only threatened, but had actually occurred, and we think it can be fairly concluded from other statements made by him while on the witness-stand that further interference by his company was intended. Although the right of the appellant is that of a licensee, that right is not terminable at the

option of the respondent; except in a certain way, namely, by the exercise of the power to put an end to the triplicate agreement. So long as the agreement itself remains in force, just so long are the rights of the appellants under its provisions, and the provision of the deed, safe from attack by the respondents, and any intended interference therewith by the respondents is without legal justification, and should be restrained by the court of chancery. As we have already said, the respondents may terminate the right of the appellants to use this siding, but they can only do so by destroying their own right of user therein, and the rights of the Lehigh Valley Railroad Company, which were created by that agreement. Unless and until they do this, the appellants are entitled to the complete and continued enjoyment of the siding, and to an injunction restraining the respondents from interfering with their use thereof.

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.